UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

YVES EUGENE ADAMS, CESAR REYES,   )
PAM PHILPOTT, BRANDON PHILPOTT,   )
Individually and on behalf of those similarly )
situated,                        )
        Plaintiffs,           )
                                )
v.                               )     CASE NO. 5:13-cv-5074-JLH
                                )
BENTON COUNTY SHERIFF KELLY       )
CRADDUCK, IN HIS INDIVIDUAL AND   )
OFFICIAL CAPACITY, and KEEFE      )
COMMISSARY NETWORK, LLC,          )
        Defendants.           )

---

**PLAINTIFFS' BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

**COME NOW** plaintiffs, Yves Eugene Adams, Cesar Reyes, Pam Philpott,

and Brandon Philpott, individually and on behalf of those similarly situated, and

for their *Brief in Support of Unopposed Motion for Preliminary Approval of Class

Action Settlement*, state:

## I.    PRELIMINARY STATEMENT

Plaintiffs Yves Eugene Adams, Cesar Reyes, Pam Philpott, and Brandon

Philpott ("Plaintiffs"), through their undersigned counsel, have negotiated a

proposed settlement ("Settlement" or "Settlement Agreement") that provides

benefits to a class of approximately 2,700 persons formerly incarcerated at the

Benton County Jail. The Settlement creates a gross settlement fund of $71,609.58

for the benefit of the Settlement Class and establishes a one (1) year claims period

and a claims process in which proposed settlement class members will receive cash payments based upon eligible claims. The terms of the claims process are set forth in the Settlement Agreement and described below.

Counsel for Plaintiffs respectfully submit that the terms of the Settlement are fair, adequate, and reasonable for the Settlement Class and that the requirements for final approval will ultimately be satisfied. However, it bears noting that for preliminary approval the only issue before the Court is whether the proposed Settlement is within the range of what may be found to be fair, adequate, and reasonable so that Settlement Class Members can be notified of the proposed Settlement and a final fairness hearing can be scheduled by the Court. Only after Class Members and others have had an opportunity to receive the Court-authorized notice and present evidence at a final fairness hearing will the Court need to render final judgment regarding the fairness of the proposed Settlement.

At this preliminary stage of the settlement process, Plaintiffs respectfully request that the Court: (1) find the terms of the parties' proposed Settlement Agreement fair, reasonable, and adequate and grant preliminary approval to the proposed Settlement; (2) preliminarily certify the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) for purposes of administering the proposed Settlement; (3) appoint Plaintiffs Yves Eugene Adams, Cesar Reyes, Pam Philpott, and Brandon Philpott as Class Representatives; (4) appoint Monzer Mansour, Attorney at Law, and the law firm of Charles M. Kester, P.L.C., through its attorneys Joe C. Hall and (formerly) Charles Kester, deceased, as Class Counsel;

(5) appoint Benton County, Arkansas as the Claims Administrator to provide notice to the Settlement Class and administer the Settlement; (6) approve as to form and content the proposed Class Notices and Claim Forms; and direct that notice of the proposed Settlement Agreement be provided to the Settlement Class in accordance with the provisions of the Settlement Agreement; and (7) schedule a Final Approval Hearing to consider whether to grant final approval of the proposed Settlement Agreement.

## II.    THE PROPOSED SETTLEMENT

The details of the proposed settlement are contained in the Settlement Agreement (entitled "Agreement of Compromise and Settlement") attached as Ex. 1. The Settlement Agreement provides material benefits to Settlement Class Members – in the form of dollar-for-dollar payments equivalent to fees charged on prepaid debit cards issued upon release from incarceration – and does so through a claims process that does not impose undue burden upon them.

Specifically, the payment to be provided to Settlement Class Members is based on fair, objective criteria: the amount of fees associated with the issued prepaid debit cards. Each Class Member will receive benefits equivalent to the fees charged.

Class Counsel are experienced in class action litigation as well as the settlement and claims processes and believe that the proposed settlement is a fair, adequate and reasonable settlement and materially beneficial to the Settlement Class.

- 3 -

### A.  <u>The Settlement Class</u>

The Settlement Class is defined as:

All individuals that were incarcerated in the Benton County Jail at any time between June 19, 2012 and August 31, 2013 <u>and</u> were upon release from incarceration issued, by or through the detention facility, a debit card. (The Settlement Class consists of approximately 2,700 persons.)  *See* Ex. 1, §1.1 (y).

Excluded from the Settlement Class are:

i.     All individuals and entities who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of this Settlement; and,

ii.    All individuals and entities who filed a claim concerning the issuance of a debit card upon release by the Benton County Jail at any time between June 19, 2012 and August 31, 2013, in any court of law, if that claim has been resolved with a final judgment or order, whether or not favorable to the claimant. *Id.*

### B.  <u>The Settlement Fund</u>

The Settlement Agreement provides for a gross Settlement Fund of $71,609.58, which includes the costs of settlement administration, notice to Class Members, service awards to Class Representatives, and attorneys' fees and costs. *Id.*, at §5.

### C.  <u>The Settlement Benefits</u>

The Settlement Agreement provides cash benefits to Class Members. In particular, Class Members are entitled to payment equivalent to fees charged on debit cards issued in Benton County from June 19, 2012 through August 31, 2013. Cumulatively, these payments will not exceed $13,224.58 (which represents the total fees charged on the debit cards).

- 4 -

### D. <u>Settlement Administration, Class Notice, Service Awards, and Attorneys' Fees and Costs</u>

The Settlement Agreement provides that all costs of notice and claims administration will be paid out of the Settlement Fund. *Id.* Benton County has agreed, subject to Court approval, to serve as notice provider and Claims Administrator.

Class Counsel also requests that the Court approve service awards ("incentive payments") of $1,000.00 to each of the Named Plaintiffs. The amount of the incentive payments will equal $4,000.00.

Class Counsel also requests that the Court approve payment to Class Counsel of attorney fees and costs, in the amount of $50,385.00.

The Settlement Agreement provides for notice to Class Members in accordance with the notice plan. In particular, notices shall be mailed, first class postage prepaid, to each Settlement Class Member to the last known address on file with Benton County. The notices will be mailed by the Claims Administrator within ten (10) days of issuance of the Preliminary Approval Order. The Claims Administrator will promptly log each notice that is returned as undeliverable and shall provide copies of the log to Class Counsel. The Claims Administrator shall take reasonable steps to re-mail all undeliverable long-form notices to updated addresses provided by the National Change of Address Database maintained by the United States Post Office or obtained by other reasonable means. Other means of publication may be utilized, as directed by the Court. All publication

notices shall be targeted to emphasize those areas where the largest population of Settlement Class Members reside, in particular Benton County, Arkansas.

### E. Claims Resolution Procedure

The Settlement Agreement provides that Class Members who wish to participate in the settlement will be able to file a Claim Form within one (1) year of the Effective Date, as defined in the Settlement Agreement. *See* Ex. 1, §1.1 (m). Claim Forms will be available and provided upon request through the Claims Administrator's toll-free number, electronic mail, or regular mail.

### F. Exclusion and Objection Rights

Settlement Class Members who wish to do so may opt out of the Settlement Class during the opt-out period.  To exercise this exclusion right, the Settlement Class Member must fully complete the Opt-Out Form, in the form proposed by Settlement Agreement or directed by the Court, and send it via first class mail or personal delivery to Class Counsel.  In seeking Preliminary Approval of this Agreement, the parties request that the deadline for submission of Opt-Out Forms be set on a date sixty (60) days after the publication of the first notice to be published pursuant to Section 11.4. Exclusions sent by any Settlement Class Member to incorrect locations shall not be valid.  Any Settlement Class Member who submits a timely request for exclusion shall not be permitted to object to the Settlement.

Any Settlement Class Member who does not timely and properly file an Opt-Out Form shall be bound by this Settlement and by all subsequent proceedings

and orders.  Any Settlement Class Member who elects to opt out of the Settlement Class pursuant to this Agreement shall not be entitled to a remedy under or be affected by the Settlement Agreement.

The Settlement Agreement provides that Class Counsel shall have the right to contact persons who submit Opt-Out Forms.

Within five (5) business days of the closing of the opt-out period, Class Counsel shall provide counsel for Benton County, by electronic mail, facsimile, and/or hand delivery, a list identifying each person who has submitted an Opt-Out Form from the Settlement Class and attaching copies of all Opt-Out Forms.

The Settlement Agreement provides that in the sole discretion of Benton County, it may void this Agreement if the number of Settlement Class Members opting out reaches a level that, in the judgment of Benton County, threatens to frustrate the essential purpose of this Agreement. Benton County shall advise Class Counsel and the Court, in writing, of this election within ten (10) business days of receiving the list of opt-outs pursuant to the Settlement Agreement.

Alternatively, Settlement Class Members may object to the Settlement if they wish to do so.  To exercise this objection right, the Settlement Class Member must provide written notice of the objection via first class mail to the Court, Class Counsel, and counsel for Benton County.  The objection must bear the signature of the Settlement Class Member (even if represented by counsel), and state the Settlement Class Member's current address and telephone number, email address, if available, and state the exact nature of the objection and whether or not the

Settlement Class Member intends to appear at the final approval hearing.  If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member.  Such objection must be postmarked or personally delivered on such schedule as the Court may direct.

In seeking Preliminary Approval of this Settlement, the Parties will request that the deadline for submission of notices of objection shall be set on a date sixty (60) days after the publication of the first notice to be published pursuant to the Settlement Agreement. Objections sent by any Settlement Class Member to incorrect locations shall not be valid.

## III.    ARGUMENT

### A.  <u>The Court Should Preliminarily Certify the Settlement Class For Purposes of the Settlement</u>

The Supreme Court and various Circuit Courts have recognized that the benefits of the proposed Settlement can be realized only through the certification of a settlement class. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997); *In re Prudential Ins. Co. Am. Sales Practices Litig.,* 148 F.3d 283 (3d Cir. 1998), *cert. denied*, 119 S. Ct. 890 (1999) ("*Prudential II*"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

In the case of settlements, "tentative or temporary settlement classes are favored when there is little or no likelihood of abuse, and the settlement is fair and reasonable and under scrutiny of the trial judge." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R. D. 202, 205 (S.D.N.Y 1995) (*quoting In re Beef Indus.*

*Antitrust Litig.*, 607 F.2d 167, 174 (5th Cir. 1979), *cert. denied*, 452 U.S. 905 (1981)). Here, there is no likelihood of abuse of the class action device, and the settlement is fair, reasonable and adequate and is subject to approval by the Court.

The ultimate determination of whether a proposed class action settlement warrants approval resides in the Court's discretion. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). As discussed below, at this stage of preliminary approval, there is clear evidence that the Settlement Agreement is well within the range of possible approval and thus should be preliminarily approved.

Courts may certify class actions for the purposes of settlement only. *See, e.g.*, *Sullivan v. DB Invs., Inc.*, 667 F.3d 273,311 (3d Cir. 2011) (en banc); *In re Processed Egg Prods. Antitrust Litig.* ("*Eggs*"), 284 F.R.D. 249, 278 (E.D. Pa. 2012). Before preliminarily approving a settlement in a case where a class has not yet been certified, the court should determine whether the class proposed for settlement purposes is appropriate under Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *Sullivan*, 667 F.3d at 296. The MANUAL FOR COMPLEX LITIGATION § 21:632 (4th ed. 2004) (hereinafter "MCL 4TH") advises:

> If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).

MCL 4TH § 21.632. However, when a court is "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems." *Eggs*, 284 F.R.D. at

264 (quotation marks and citation omitted); *see also Sullivan*, 667 F.3d at 322 n.56. Further, the practical purpose of provisional class certification is to facilitate dissemination of notice to the class of the terms of the proposed settlement and the date and time of the final settlement approval hearing. *See* MCL 4TH § 21.633.

Rule 23 governs the issue of class certification, whether the proposed class is a litigation class or, as here, a settlement class. All the criteria for certification of a class for litigation purposes, except manageability, apply to certification for settlement purposes. Thus, a settlement class should be certified where the four requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – are satisfied, and when one of the three subsections of Rule 23(b) is met.[1]

Certification of the proposed Settlement Class is appropriate here as it is requested to effectuate a settlement of claims against Benton County and Keefe Commissary. Given the fact that approximately 2,700 persons were incarcerated in the Benton County Jail and were issued debit cards upon release during the relevant, there is no question that the numerosity requirement is met. The commonality and typicality requirements also are easily satisfied, as the claims of the proposed Class Representatives and all Settlement Class Members are premised on the same theories of law and facts. Further, adequacy of representation is assured as the Class is represented by Class Counsel who have ample experience in class actions such as this.

---

[1] The plaintiffs' previously filed "Motion For Class Certification" and a supporting brief (docs. 30 and 31) address the 23(a) and (b) requirements more thoroughly than here. The argument and citation of authorities of said brief are adopted herein if the court should desire more depth of analysis.

Certification of the Settlement Class under Rule 23(b)(3) for settlement of compensatory damages claims also is appropriate because all of the claims for compensatory relief are premised upon the predominating common issue of fees associated with debit cards issued upon release from incarceration at the Benton County Jail. There is no danger that individual variations in the type or magnitude of damage suffered by individual Class Members will affect predominance as the Class Representatives have the same type of damages and seek the same type of relief as members of the proposed Settlement Class. Moreover, resolution of the litigation by a class settlement is superior to individual adjudication of the Class Members' claims for compensatory relief. In particular, the Settlement provides members of the Settlement Class with an ability to obtain predictable, certain, and definite compensatory relief promptly and contains simple administrative procedures to assure due process in the application of the Settlement Agreement to each individual claimant, including the right to "opt out." By contrast, individualized litigation carries with it great uncertainty, risk and costs and provides no guarantee that the injured Class member will obtain necessary and timely compensatory relief at the conclusion of the litigation process. Settlement also would relieve judicial burdens that would be caused by repeated adjudication of the same issues in hundreds (or thousands) of individualized trials against the defendants.

**B.** **The Court Should Grant Preliminary Approval of the Settlement**

In addition to settlement class certification, Plaintiffs seek preliminary approval of the Settlement. The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation and it should therefore be encouraged."). Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must obtain the court's approval. *See* Fed. R. Civ. P. 23(e). Preliminary approval requires a finding that the Settlement falls within the range of possible approval, meaning, primarily, that the Settlement was reached as a result of arms-length negotiations and with sufficient information. Here, both those requirements are satisfied.

After a lengthy pre-filing investigation and litigation discovery, Class Counsel entered settlement negotiations with the defendants. The negotiations included numerous meetings of counsel, telephone conferences, email exchanges, the exchange of numerous written settlement proposals and conferences to finalize the terms of the Settlement Agreement.

At this stage of preliminary approval, there is clear evidence that the Settlement is within the range of possible approval and thus should be preliminarily approved.

**1. The Standards and Procedures for Preliminary Approval**

Rule 23(e) of the Federal Rules of Civil Procedure mandates that a class

action cannot be settled without court approval:

> The claims, issues, or defenses of a certified class may be settled,
> voluntarily dismissed, or compromised only with the court's approval.
> The following procedures apply to a proposed settlement, voluntary
> dismissal, or compromise:
> (1) The court must direct notice in a reasonable manner to all class
> members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it
> only after a hearing and on finding that it is fair, reasonable, and
> adequate.
> (3) The parties seeking approval must file a statement identifying any
> agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the
> court may refuse to approve a settlement unless it affords a new
> opportunity to request exclusion to individual class members who had
> an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court
> approval under this subdivision (e); the objection may be withdrawn
> only with the court's approval.

Fed. R. Civ. P. 23(e); *Amchem,* 521 U.S. at 617; *Prudential II*, 148 F.3d at

316.

The procedure of providing notice to the class followed by a hearing to

consider approving a class settlement has been accepted by numerous courts and is

now standard practice. *Prudential II*, 148 F.3d at 326-27; *see also Bronson v. Board*

*of Education of the City School District of the City of Cincinnati*, 604 F. Supp. 68

(S.D. Ohio 1984). In determining whether preliminary approval is warranted, the

primary issue is whether the proposed settlement is within the range of what might

be found fair, reasonable and adequate, so that notice of the proposed settlement

should be given to class members, and a hearing scheduled to determine final

approval. The MCL 4TH summarizes the recommended procedure that courts have articulated for the class action settlement approval process:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submits the proposed terms of the settlement and the judge makes a preliminary fairness evaluation.… If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined.… The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

MCL 4TH § 26.632.

When deciding preliminary approval, a court does not conduct a "definitive proceeding on fairness of the proposed settlement." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983); *In re General Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995) (holding that the "preliminary determination establishes an initial presumption of fairness."). The "definitive proceeding on fairness of proposed settlement" must await the final hearing, at which fairness, reasonableness and adequacy of the settlement is addressed. *In re Linerboard Antitrust Litig.*, 292 F.Supp. 2d 631, 638 (E.D. Pa. 2003).

> In evaluating a settlement for preliminary approval, the court need not reach any ultimate conclusions on the issues of fact and law that underline the merits of the dispute.… Instead, the court must determine whether 'the proposed settlement discloses grounds to doubt its fairness or otherwise obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class or excessive compensation for attorneys, and whether it appears to fall within the range of possible approval.… The analysis often focused on whether the settlement is the product of 'arms-length negotiations.'

- 14 -

*In re Auto Refinishing Paint Antitrust Litig.*, 2004 WL 1068807, at *2 (E.D. Pa May 11, 2004) (citations omitted).

A settlement falls within the "range of possible approval" under Rule 23 if there is a conceivable basis for presuming that the standard applied for final approval will be satisfied so as to justify "notify[ing] the Class Members of the proposed settlement and… proceed[ing] with a fairness hearing." *Armstrong v. Bd. of School Dir. Of the city of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled in part on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998); *see also General Motors*, 55 F.3d at 785; *In re Baldwin-United Corp. Sec. Lit.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984); *In re Corrugated Container Antitrust Litigation,* 643 F.2d 195 (5th Cir. 1981).

An initial analysis of the terms of the Settlement Agreement here should give the Court confidence that it merits serious consideration by Settlement Class Members and that it will likely serve as the fair and comprehensive resolution of Class Members' claims. The Settlement is "sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard," the legal standard for preliminary approval of a class action settlement. *In re Auto Refinishing Pain Antitrust Litig.*, 2004 WL 1068807, at *1 (E.D. Pa. May 11, 2004) (quotation omitted).

Further, it is well-established that there is an overriding public interest in resolving litigation, and this is particularly true in class actions. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534-35 (3d Cir. 2004); *General Motors,* 55

F.3d at 784 (holding that "the law favors settlement, particularly in class actions and other complex cases where substantial judicial resource can be conserved by avoiding formal litigation."); *Austin v. Pa. Dept. of Corr.*, 876 F.Supp. 1437, 1455 (E.D. Pa. 1985) (explaining that "the extraordinary amount of judicial and private resources consumed by massive class action litigation elevates the general policy of encouraging settlements to 'an overriding public interest.'").

### C.    The Court Should Direct Notice to the Settlement Class

Rule 23(e) provides that class members are entitled to notice of any proposed settlement before it is ultimately approved by the Court. Under Rule 23(e) and the relevant due process considerations, adequate notice must be given to all absent class members and potential class members to enable them to make an intelligent choice as to whether to opt-out of the class. *Prudential II*, 148 F.3d at 326-27; *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996). The notice plan provided for in the Settlement Agreement has been developed with the thought of providing the most effective notice possible, and a notice that will in fact "reach" all Settlement Class Members. The proposed Notice provides clear and accurate information as to the nature and principal terms of the Settlement Agreement, including the monetary and other relief the Settlement will provide Members of the Class, the procedures and deadlines for opting out of the Settlement or submitting objections, the consequences of taking or foregoing the various options available to Class Members, and the date, time and place of the final settlement approval hearing.

Pursuant to Fed. R. Civ. P. 23(h), the proposed Notice also sets forth the maximum amount of attorneys' fees and costs that may be sought by Named Plaintiffs and their counsel. The Settlement Agreement proposes that the Notice to all Class Members be provided by first class mail. It also identifies and provides contact information for Class Counsel, counsel for defendants and the Court.

### D.     A Final Fairness Hearing Should Be Scheduled

The Court should schedule a final fairness hearing to obtain all required information to determine that class certification is proper and the settlement should be approved. *See* MANUAL FOR COMPLEX LITIGATION, Fourth § 21.633 (2008). The fairness hearing will provide a forum for proponents and opponents to explain, describe, or challenge the terms and conditions of the class certification and settlement, including the fairness, adequacy and reasonableness of the settlement. Accordingly, Plaintiffs request that the Court schedule the time, date, and place of the final fairness hearing.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant preliminary approval of the parties' Settlement Agreement.

/s/ Monzer Mansour
Monzer Mansour (AB No. 97144)
212 ½ E. Emma Ave.
Springdale, AR  72764
Telephone: 479.751.3411
Facsimile: 479.751.3412

And

Joseph C. Hall
THE KESTER LAW FIRM, PLC
PO Box 184
1160 North College Ave.
Fayetteville, AR  72702-0184
Telephone: 479.582.4600
Facsimile: 479.571.1671

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2014, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record, and hereby certify that I am mailing the document by electronic transmission and/or United States Postal Service to all non-CM/ECF participants, none of whom are known to exist.

/s/ Monzer Mansour
Monzer Mansour

- 18 -